UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62142-CIV-MARRA/JOHNSON

JEFFREY ANTHONY BENJAMIN,

　　　　Plaintiff,

vs.

HOLY CROSS HOSPITAL,

　　　　Defendant.
_____/

**ORDER AND OPINION**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiff's

Complaint [DE 18].  The Court has carefully considered the motion, response, reply,

the entire Court file, and is otherwise fully advised in the premises.  Jeffrey Anthony

Benjamin ("Benjamin"), proceeding *pro se,* has filed a complaint against his former

employer, Holy Cross Hospital ("Defendant"), setting forth the following counts,

verbatim:

| Count 1 | Violation of the Equal Pay statute, Florida Statutes, Section 448.07 and Section 725.07(1), The Federal Equal Pay Act of 1963 (EPA) Act and 42 U.S.C. § 1981; |
|---------|---------|
| Count 2 | Vicarious liability for unlawful harassment and Hostile work enviroment [sic] under Title VII; |
| Count 3 | Illegal photographing and dissemination without consent; |
| Count 4 | Verbal and Physical threats to do bodily harm, libel and defamation; |
| Count 5 | Retaliation to Title VII and EEOC filing. |

Compl., DE 1.  Defendant moves for dismissal arguing that: (1) the complaint fails to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure ("Rule 8" and "Rule 10") and, as a result, is disorganized, repetitive, disjointed, and nearly incapable of response, and (2) three of the five counts, even if properly plead, would fail to set forth cognizable claims for relief.  *See* Fed. R. Civ. P. 12(b)(6).

## Legal Standard

To survive a motion to dismiss based on Rule 12(b)(6) ("failure to state a claim upon which relief can be granted"), the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), more than mere conclusions are required.  Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims.  *See Twombly,* 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

Although complaints are construed more liberally in *pro se* actions, Benjamin is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure.  *See Moon v. Newsome*, 863 F.2d 835,

837 (11th Cir. 1989).  While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Alford v. Consol. Gov't of Columbus, Ga* ., 438 F. App'x 837, 839 (11th Cir. 2011)[1] (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010)).

### Discussion

Defendant argues that the complaint should be dismissed because it fails to conform to the pleading requirements of Rules 8 and 10.  Rule 8 requires, among other things, that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as a "demand for the relief sought."  Fed. R. Civ. P. 8(a).  Although no technical form is required, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The primary

---

[1] "Although an unpublished opinion is not binding ..., it is persuasive authority."  *Bonilla v. Baker Concrete Construction, Inc.*, 487 F.3d 1340, 1345 n. 7 (11th Cir. 2007). *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority").

purpose of Rule 8's pleading requirements is to provide a defendant with adequate notice which will enable the adverse party to answer and prepare for trial.  Rule 10 requires that a "party state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and further that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count."  Fed. R. Civ. P. 10(b).

      Contrary to these clear and important requirements, Benjamin's 17 page Complaint fails to utilize numbered paragraphs, fails to request any specific relief, and in some cases, lumps multiple causes of action into a single count.  For example, Count 1 appears to assert claims for violation of (1) § 448.07, Florida Statutes, which prohibits discrimination in the payment of wages on the basis of sex; (2) 29 U.S.C. § 206(d) (the "Equal Pay Act"), which likewise prohibits discrimination in the payment of wages on the basis of sex; (3) § 725.07(1) Florida  Statutes, which concerns unenforceable contracts and prohibits discrimination in the areas of loaning money, granting credit, and providing equal pay for equal services performed based on sex, marital status, or race; and (4) 42 U.S.C. § 1981, which prohibits race discrimination in the making or enforcing of contracts.  "Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b)."  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  In

addition to these problems, no count pleads all the necessary elements to state a claim.

While Count 1 asserts facts that suggest Plaintiff is pursuing a claim for race discrimination on the basis of unequal pay, there are insufficient facts pled in Count 1 to support either race or sex discrimination on the basis of unequal pay.  In order to establish a prima facie case of intentional compensation discrimination based on race under Title VII or Section 1981, the plaintiff must show that: (1) he is a member of a protected class; (2) he was subject to an adverse employment action;[2] (3) similarly situated comparators outside the protected class received higher compensation; and (4) he was qualified to receive the higher wage.  *Hill v. Emory University*, 346 F. App'x 390, 395 (11th Cir. 2009);[3] *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006).  In Count 1, there is insufficient information alleged to determine whether the employees identified as receiving higher pay qualify as similarly situated comparators.  A "comparator must be similarly situated in all

---

[2]  The Eleventh Circuit has held that the denial of a pay raise, in light of an above satisfactory job evaluation by a supervisor, can constitute an adverse employment action that affects a plaintiff's compensation.  *Gillis v. Ga. Dep't of Corrs.*, 400 F.3d 883, 887 (11th Cir. 2005).

[3]  In *Hill v. Emory University*, Plaintiff failed to establish a prima facie case of wage discrimination because he did not establish the presence of any similarly situated comparators.  The record demonstrated that both purported comparators' jobs involved different responsibilities than Hill's job and both had received salary increases when they presented their employer with evidence of a competing offer of employment. In contrast, Hill never received a competing offer of employment. Therefore, Hill and his purported comparators were not "similarly situated in all relevant respects."  346 F. App'x at 395.

relevant respects" and "nearly identical to the plaintiff."  *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) (holding that a "comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer").  For example, in *Cooper v. Southern Co.*, 390 F.3d 695 (11th Cir. 2004), overruled on other grounds, the Court determined that the comparators for purpose of a disparate pay claim were not appropriate, *i.e.* similarly situated, when the plaintiff did not establish: (1) "that the proposed comparators had similar levels of experience or education," *id*. at 745; (2) "similar levels of seniority," *id*. at 743; and (3) similar disciplinary records, *id*. at 741.

Count 2, entitled "Vicarious liability for unlawful harassment and Hostile work environment under Title VII," also does not plead all of the elements necessary to state a claim for a hostile work environment.  To plead a hostile work environment claim, Benjamin must allege (and support with plausible facts) that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability.  *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002); *see also Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 & n.2 (11th Cir. 2002)

(noting that Title VII and § 1981 hostile work environment claims have the same elements and are subject to the same analytical framework).

Count 3, entitled "Illegal Photographing and Dissemination Without Consent," is premised on the allegation that Benjamin was "secretly photographed" by his co-workers while at his work station, at the direction of Dr. Eduardo Locatelli, "the CIO of Holy Cross Hospital." Benjamin claims such activity violates "Florida Statutes" which requires that "ALL parties must consent to a recording or the disclosure of the contents of any wire, oral or electronic recording in Florida." Compl. at p. 8 (emphasis in original). It is altogether unclear what specific cause of action, statutory or common law, these allegations are intended to support.

Count 4 is styled "Verbal and Physical threats to do bodily harm, libel and defamation," and includes allegations that Dr. Locatelli threatened to "bust plaintiff's head open with a hammer" and placed "plaintiff in physically threatening positions;" that Dr. Locatelli falsely stated in an internal report that a "patient could have died because [Benjamin] did not call him," that Benjamin complained to HR and leaders in his Department but the harassment by Dr. Locatelli was allowed to continue, and that Holy Cross "created a tangible, severe [and] pervasive hostile work environment." It is unclear whether these allegations are intended to support a claim for assault and battery, defamation or whether they are simply repetitious of Benjamin's claims in Counts 2 and 5 concerning alleged violations of Title VII.

Count 5 is styled "Retaliation to Title VII and EEOC filing." To establish a prima

facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in a protected activity, (2) he suffered a materially adverse employment action, and (3) the protected activity was causally connected to the adverse employment action.  *Lara v. Raytheon Technical Service Co., LLC*, 2012 WL 1758604, *3 (11th Cir. May 17, 2012); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008).  Once again, it is unclear whether Plaintiff is alleging that he was either terminated or that the rate of his pay was improperly set because he filed an EEOC complaint.

Defendant is correct that the complaint is not a simple and concise document. In some instances it combines multiple causes of action in one count, while in other cases it fails to state a claim or attempts to assert claims which do not appear to be recognized under state or federal law.  It also includes legal arguments and conclusions that are not proper to include in a complaint.  Therefore, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's Complaint [DE 18] is GRANTED without prejudice.   Plaintiff is granted leave to file an amended complaint that conforms with the pleading requirements set forth in the Federal Rules of Civil Procedure and specifies facts to support a prima facie case of each cause of action. Fed. R. Civ. P. 15(a).  The amended complaint is due by June 15, 2012.  If Plaintiff fails to file an amended complaint by June 15, 2012, this case shall be dismissed without

prejudice, without further notice to the parties.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of May, 2012.

KENNETH A. MARRA
United States District Judge